JUDGE STANTON

07 CV 6252

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

JUL 0 6 2007

U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,          :   VERIFIED COMPLAINT

            - v -                  :   07 Civ.

$4,509.00 OF $10,509.00 IN UNITED  :
STATES CURRENCY,
                                   :
            Defendant-in-rem.
------------------------------------X

    Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

    1.  This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $4,509.00 of $10,509.00 in United States currency (the "Defendant Currency"), on the ground that the Defendant Currency constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the Defendant Currency was found and seized in the Southern District of New York.

4.  The Defendant Currency is currently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5.  On or about January 20, 2007, police officers from the Monticello Police Department ("MPD") executed a search warrant for the residence of David Margillo ("Margillo"), located at Building 22, Apt. 213, Terry Lane, Monticello, New York. Inside Margillo's closet, police officers found, among other things, a digital scale (located on a shelf), a zip lock bag containing cocaine (located inside a sweatshirt pocket), two zip lock bags containing marijuana as well as several empty zip lock bags (located inside a jacket pocket), and $10,509 in United States currency. Of the currency, $4,099 (the Defendant Currency) was found inside a jacket pocket, $410 was found inside a water bottle, and $6,000 was found inside a pants pocket.

6.  On January 20, 2007, Margillo was arrested and

charged in Sullivan County Court with, among other things, criminal possession of a controlled substance with intent to sell. He later pled guilty to that crime.

7. In addition, Margillo had previously been arrested for a drug-related offense. Specifically, on or about November 12, 2006, Margillo was arrested for criminal possession of narcotics with intent to sell and unlawful possession of marijuana.

8. On or about March 20, 2007, the Drug Enforcement Administration received an affidavit from Jeanette Margillo ("Jeanette Margillo") asserting a claim for the Defendant Currency. She stated, in substance and in part, that she lives with Margillo, who is her son; that she does not maintain a bank account and that Margillo holds money for her that she does not immediately need; that the $4,099 found inside Margillo's pants pocket belongs to her; and that the $410 found inside a water bottle belongs to her granddaughter.

9. On or about July 3, 2007, two employees of the United States Attorney's Office spoke with Jeanette Margillo via telephone. She stated, in substance and in part, that she had given money to her son, Margillo, to hold for her, but that she did not know where he kept the money.

IV. <u>CLAIM FOR FORFEITURE</u>

10.  The allegations contained in paragraphs one through nine of the Complaint are incorporated herein.

11.  Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

12.  The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

13.  By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of

the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       July 6, 2007

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the Plaintiff
                        United States of America

By: _____
     ANNA E. ARREOLA
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Telephone: (212) 637-2218

<u>VERIFICATION</u>

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK  )

ADELE HANAY, being duly sworn, deposes and says that she is a special agent with the Drug Enforcement Administration, that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her knowledge, information, and belief.

The sources of deponent's information and the grounds of her belief are official records and files of the Monticello Police Department and the United States, and discussions with and documents prepared by others.

*Adele Hanay*
Adele Hanay

Sworn to before me this
6th day of July, 2007

*Lillie A. Grant*
NOTARY PUBLIC
LILLIE A. GRANT
Notary Public, State of New York
No. 4758214
Qualified in Kings & New York County
Commission Expires Jan. 17, 2011